## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **U.S. METALS, INC.** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Civil Action No. 4:12-cv-379** |
| | § | **JURY DEMANDED** |
| **LIBERTY MUTUAL GROUP INC.** | § | |
| **D/B/A LIBERTY INSURANCE** | § | |
| **CORPORATION** | § | |
| *Defendant.* | § | |

---

## DEFENDANT, LIBERTY INSURANCE CORPORATION'S
## NOTICE OF REMOVAL

---

Defendant Liberty Insurance Corporation, misnamed and/or misidentified as Liberty Mutual Group Inc., files this notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446 and respectfully shows the Court the following:

### I.
### PROCEDURAL BACKGROUND

1.      On December 8, 2011, Plaintiff U.S. Metals, Inc. ("US Metals" or "Plaintiff") filed its Original Petition in the 80th Judicial District Court of Harris County, Texas ("State Court Action"). *See* Exhibit A – Pl's Orig. Pet and Req. for Disclosure.  US Metals's petition misnamed and/or misidentified the defendant as Liberty Mutual Group Inc. d/b/a Liberty Insurance Corporation.   The correct party is Liberty Insurance Corporation ("Liberty" or "Defendant").

2.      Liberty was served with a copy of US Metals's Citation and US Metals's Original Petition on January 20, 2012. *See* Exhibit B – Pl's Citation.

3.      Liberty filed its Original Answer, Affirmative Defenses, and Special

Exceptions/Motion for More Definite Statement on February 2, 2012.  *See* Exhibit C – Liberty Insurance Corporation's Orig. Ans., Affirmative Defenses, Special Exceptions/Mot. for More Definite Statement.

4.     US Metals requested a jury in the State Court Action.

## II.
## NATURE OF THE SUIT

5.     This lawsuit involves an insurance coverage dispute.  US Metals alleges causes of action for breach of contract and violations of the Texas Insurance Code arising from Liberty's alleged breach of the duty to defend.  US Metals alleges that Liberty committed such acts "knowingly."

## III.
## BASIS FOR REMOVAL

6.     The Court has original jurisdiction under 28 U.S.C. § 1332.  And because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, this action may be removed by Liberty pursuant to 28 U.S.C. § 1441(b).

7.     Upon information and belief, at the time this action was commenced, US Metals was, and still is, a Texas corporation with its principal place of business in Houston, Texas.  *See* Exhibit A ¶ 2.

8.     Defendant Liberty Insurance Corporation is an Illinois entity with its principal place of business in Boston, Massachusetts.  Accordingly, pursuant to 28 U.S.C. § 1332(c)(1), Liberty is a citizen of Illinois and Massachusetts.

9.     Although US Metals's Original Petition is silent as to the amount of actual damages sought in this lawsuit, this is an insurance "bad faith" case where US Metals seeks

damages for Liberty's alleged breach of the insurance contract between Liberty and US Metals. According to US Metals's Original Petition, US Metals is insured under a commercial general liability policy (which contains per occurrence limits of $1,000,000 and aggregate limits of $2,000,000). *Id.* ¶ 12. US Metals further alleges that it was sued by ExxonMobil Corporation and that Liberty was required to defend US Metals in that lawsuit. *Id.* ¶¶ 15-17. US Metals alleges that Liberty's failure to defend US Metals in Exxon's suit against it constitutes a breach of the insurance contract and that Liberty's conduct in adjusting US Metals's claim violated the Texas Insurance Code. *Id.* ¶¶ 19-35. US Metals seeks actual damages arising from US Metals's purported breach of contract, attorneys' fees, and statutory penalties under the Texas Insurance Code. *Id.* at 6. US Metals further alleges that Liberty knowingly violated the Texas Insurance Code, thus entitling US Metals to additional (i.e., "treble") damages. *Id.* Additionally, in a letter to Liberty dated December 2, 2011, Plaintiff's counsel alleges that as a result of Liberty's conduct, US Metals sustained damages of approximately $2,272,250.00 and stated a "total demand" in that amount. *See* Exhibit F-1 – Letter from Graig J. Alvarez to Marcia Ramsey (Dec. 2, 2011).

10.     When a plaintiff's pleadings do not allege a specific amount of damages, the removing defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994). Given the nature of US Metals's claims against Liberty and the limits of US Metals's policy, the damages alleged in this action appear to clearly exceed $75,000, exclusive of interest and costs. *See Chittick*, 844 F. Supp. at 1155-56.

11.     Accordingly, because the Court has original jurisdiction under 28 U.S.C. § 1332

and because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, Liberty may remove this action pursuant to 28 U.S.C. § 1441(b).

**IV.**
**REMOVAL IS PROCEDURALLY CORRECT**

12.   US Metals commenced this action on December 8, 2011.  Liberty was served with a copy of US Metals's and US Metals's Original Petition on January 20, 2012.  Liberty filed its Original Answer, Affirmative Defenses, and Special Exceptions/Motion for More Definite Statement on February 2, 2012.

13.   This Notice of Removal is filed within thirty days of Liberty being served with US Metals's Citation and Petition.  Accordingly, this Notice of Removal is timely filed.  *See* 28 U.S.C. § 1446(b).

14.   Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, all pleadings, process, orders, and other filings in the State Court Action, prior to this Notice of Removal, are as follows:

| | | |
|---|---|---|
| Exhibit A | : | Plaintiff's Original Petition and Request for Disclosure |
| Exhibit B | : | Plaintiff's Citation |
| Exhibit C | : | Liberty Insurance Corporation's Original Answer, Affirmative Defenses, Special Exceptions/Motion for More Definite Statement |
| Exhibit D | : | Civil Bureau Process Pick-up Form |
| Exhibit E | : | Docket Sheet in State Court Action |

15.   Liberty also relies on the following in support of its Notice of Removal:

| | | |
|---|---|---|
| Exhibit F | : | Affidavit of Christopher W. Martin authenticating claim file documents |
| Exhibit F-1 | : | Letter from Graig J. Alvarez to Marcia Ramsey dated December 2, 2011 |

16.     Venue is proper in this District under 28 U.S.C. § 1446(a) because this District and Division embrace the place where the removed action was pending and because a substantial part of the events giving rise to US Metals's claims allegedly occurred in this District.

17.     Pursuant to 28 U.S.C. § 1446(d), Liberty will provide prompt written notice of the filing of this Notice of Removal to US Metals and will file a notice with the clerk of the 80th Judicial District Court of Harris County, Texas.

## V.
## CONCLUSION

18.     Because US Metals is a Texas corporation with its principal place of business in Texas and Liberty is an Illinois entity with its principal place of business in Massachusetts and because the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction based on diversity of citizenship.  *See* 28 U.S.C. § 1132.  Accordingly, this removal action is proper.

19.     On these grounds, Defendant Liberty Insurance Corporation, misnamed and/or misidentified as Liberty Mutual Group Inc., hereby removes the referenced State Court Action to this Court on the 9th day of February, 2012.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.


By: */s/ Christopher W. Martin*
    Christopher W. Martin
    State Bar No. 13057620
    Federal ID No. 13515
    MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
    808 Travis, 20th Floor
    Houston, Texas 77002
    Email: martin@mdjwlaw.com
    Telephone No.: (713) 632-1700
    Facsimile No.: (713) 222-0101

5

**ATTORNEYS FOR DEFENDANT LIBERTY
INSURANCE CORPORATION**

**OF COUNSEL:**
Todd M. Lonergan
Texas Bar No.: 12513700
Federal ID No.: 7769
Email: lonergan@mdjwlaw.com
Jonathan A. Sprague
Texas Bar No.: 24075113
Federal ID No.: 1129437
Email: sprague@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis Street, 20th Floor
Houston, Texas  77002
Telephone:  (713) 632-1700
Facsimile:  (713) 222-0101

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Defendant Liberty Insurance Corporation's Notice of Removal has been forwarded by *via* certified mail, return receipt requested on February 9, 2012 to:

Graig J. Alvarez
Kara Stauffer Philbin
Ryan M. Perdue
FERNELIUS ALVAREZ, PLLC
One Houston Center
1221 McKinney, Suite 3200
Houston, Texas 77010

*Via Certified Mail, R.R.R.*
7010 1060 0002 4062 4733

*/s/ Jonathan A. Sprague*
Jonathan A. Sprague

6