# EXHIBIT "A"

P6

**2011-74042**
CAUSE NO. _____

| | | |
|---|---|---|
| U.S. METALS, INC., | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| LIBERTY MUTUAL GROUP INC. | § | |
| D/B/A LIBERTY INSURANCE | § | |
| CORPORATION, | § | |
| *Defendant.* | § | 80 JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff U.S. Metals, Inc. files this Original Petition and complains of the conduct of Defendant Liberty Mutual Group Inc. d/b/a Liberty Insurance Corporation and in support thereof would show this Court as follows:

### DISCOVERY CONTROL PLAN

1. Discovery is intended to be conducted under Level 3 pursuant to Texas Rule of Civil Procedure 190.4.

### PARTIES

2. U.S. Metals, Inc. ("US Metals") is a Texas corporation with its principal place of business in Houston, Texas.

3. Defendant Liberty Mutual Group Inc. d/b/a Liberty Insurance Corporation ("Liberty Mutual") is a corporation incorporated under the laws of the state of Massachusetts, with its principal place of business in Irving, Texas, and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### VENUE AND JURISDICTION

4. Plaintiff brings this suit pursuant to the laws of Texas.

**FILED**
Chris Daniel
District Clerk
DEC 0 8 2011
Time:_____
Harris County, Texas
By_____
Deputy

120431v1

5.   The damages sought are within the jurisdictional limits of this Court.

6.   Venue is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE §§ 15.002(a)(1) and 15.032.

7.   Liberty Mutual is a property and casualty insurance company licensed to write such insurance policies in Texas. The named insured under the policy involved in the instant case is US Metals, who was at the time of accrual and continues to be located in Harris County, Texas. Moreover, the loss occurred in whole or in part in Harris County, Texas. Venue is proper in Harris County, Texas pursuant to § 15.032 of the Texas Civil Practice & Remedies Code.

8.   Venue is also proper in Harris County because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. TEX. CIV. PRAC. & REM. CODE § 15.002(a). All or a substantial part of the events and/or omissions that gave rise to US Metal's claim against Liberty Mutual arise from Cause No. 2011-35005 *Exxon Mobil Corp. v. U.S. Metals, Inc. & Maass Flange Corp.*, In the 281st Judicial District Court of Harris County, which was filed in and defended by US Metals in Harris County, Texas.

## NOTICE/CONDITIONS PRECEDENT/DEFENSES

9.   Pursuant to the notice requirements of Tex. Ins. Code Ann. Section 541.154, US Metals has notified Liberty Mutual in writing of US Metals' allegations that Liberty Mutual violated Tex. Ins. Code Ann. sections 541.001 et seq. and 542.001 et seq.

10.   All conditions precedent necessary to maintain this action have been performed or have occurred.

11.   Liberty Mutual has waived policy and/or coverage defenses in this matter. Liberty Mutual is estopped from asserting policy and/or coverage defenses.

Certified Document Number: 50759526 - Page 2 of 6

## BACKGROUND

12. US Metals is the named insured under Liberty Mutual's Commercial General Liability Policy No. TB7-Z91-443031-029 and Umbrella Policy Number TH2-z91-443031-069 (collectively the "Policy"), providing coverage from September 1, 2009 to September 1, 2010.

13. Pursuant to the Policy, Liberty Mutual agreed to provide coverage for property damage and bodily injury and defend against suits concerning property damage and bodily injury.

14. US Metals provided approximately 350 flanges to Exxon Mobil Corporation ("Exxon").

15. Exxon filed suit against US Metals and Maass Flange Corporation ("Maass") in the Harris County District Courts in *ExxonMobil Corporation v. US Metals, Inc. and Maass Flange* (the "Exxon Litigation"). The Exxon Litigation invoked Liberty Mutual's duty to defend US Metals under the Policy.

16. Liberty Mutual denied and continues to deny that it had a duty to defend or indemnify US Metals with respect to the Exxon Litigation, and stated the policy exclusions precluded coverage for U.S. Metals' losses.

17. Liberty Mutual knowingly engaged in unfair settlement practices and misrepresented the Policy in its denial of its duty to defend US Metals with respect to the Exxon Litigation.

18. The Exxon Litigation was settled on or about November 22, 2011.

## CAUSE OF ACTION – BREACH OF CONTRACT

19. US Metals incorporates all prior paragraphs into this section as if fully set forth herein.

Certified Document Number: 50759526 - Page 3 of 6

20. Pursuant to the Policy, Liberty Mutual had a duty to defend US Metals with respect to the Exxon Litigation.

21. Liberty Mutual breached its duty to defend US Metals in the Exxon Litigation.

22. As a result of Liberty Mutual's breach of its obligations US Metals has incurred damages, including attorney fees.

### CAUSE OF ACTION – VIOLATIONS OF TEXAS INSURANCE CODE

23. US Metals incorporates all prior paragraphs into this section as if fully set forth herein.

24. Liberty Mutual violated Texas Insurance Code section 541.001 et seq. through its unfair methods of competition and unfair or deceptive acts or practices in the business of insurance.

25. Liberty Mutual also failed to comply with the Texas Insurance Code section 542.001 et seq. through its unfair claim settlement practices and the requirements concerning prompt payment of claims.

26. Liberty Mutual knowingly misrepresented to US Metals the Policy provisions relating to coverage.

27. Liberty Mutual knowingly failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of US Metal's claim in the Exxon Litigation with respect to which the liability of US Metals was reasonably clear.

28. Liberty Mutual failed to provide a reasonable explanation of the basis in the Policy, based on the facts or applicable law, for Liberty Mutual's denial of US Metals' claim in the Exxon Litigation.

Certified Document Number: 50759526 - Page 4 of 6

29. Liberty Mutual knowingly failed to affirm or deny coverage of US Metals' claim in the Exxon Litigation within a reasonable time.

30. Liberty Mutual knowingly refused to pay US Metals' claim in the Exxon Litigation without conducting a reasonable investigation with respect to the claims made in the Exxon Litigation.

31. Liberty Mutual knowingly misrepresented the Policy made the subject of this matter by making an untrue statement(s) of material fact(s).

32. Liberty Mutual knowingly misrepresented the Policy made the subject of this matter by failing to state a material fact that is necessary to make other statement(s) made not misleading, considering the circumstances under which the statement(s) were made.

33. Liberty Mutual knowingly misrepresented the Policy made the subject of this matter by making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of material fact.

34. Liberty Mutual knowingly misrepresented the Policy made the subject of this matter by making a material misstatement of law.

35. As a result of Liberty Mutual's violation(s) of the Texas Insurance Code, US Metals has incurred damages, including attorney fees.

## ATTORNEY FEES

36. US Metals requests that this Court award its costs and attorneys' fees incurred through trial and all appeals pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001(8); TEX. INS. CODE ANN. §§ 541.152, 542.060.

## JURY DEMAND

37. US Metals requests trial by jury and has paid the required jury fee.

## PRAYER

For all the above reasons, US Metals requests that Defendant Liberty Mutual be cited to appear and answer and that after final trial, US Metals recover the following relief:

a. Damages arising from Liberty Mutual's breach of its contractual duties under the Policy with respect to the Exxon Litigation;

b. All available damages for Liberty Mutual's noncompliance with Texas Insurance Code § 542.001 et seq.;

c. Additional damages pursuant to Texas Insurance Code § 541.152(a);

d. Additional damages pursuant to Texas Insurance Code § 541.152(b);

e. Reasonable and necessary attorneys' fees through the trial and all appeals; and

f. Such other and further relief, at law or in equity, general or special, that it may be justly entitled to receive.

## REQUEST FOR DISCLOSURE

38. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, each defendant named herein is requested to disclose, within the applicable time period, the information or material described in Rule 194.2.

FERNELIUS ALVAREZ PLLC

BY: _____
Craig J. Alvarez
State Bar No. 24001647
Kara Stauffer Philbin
State Bar No. 24056373
One Houston Center
1221 McKinney, Suite 3200
Houston, Texas 77010
**Counsel for Plaintiff,
U.S. Metals, Inc.**

120431v1                                    6



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 7, 2012


Certified Document Number:        50759526



Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS


In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com